UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMIR MIRESKANDARI | : | |
| *Plaintiff* | : | |
| | : | |
| V. | : | CASE NO. 4:26-cv-01562 |
| | : | |
| KEVAN CASEY AND TABITHA | : | |
| MARIE CASEY as administrator for | : | |
| THE ESTATE OF KEVAN CASEY | : | |
| *Defendant* | : | |
| | : | |

**Defendant's Motion to Dismiss**
**Pursuant to Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(6)**

Comes now, Defendant, Kevan Casey (deceased) and Tabitha Casey as administrator for the Estate of Kevan Casey[1], and files this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and in support thereof respectfully shows unto the Court as follows:

**SUMMARY**

1.    The complaint fails to allege any legally cognizable claim and must be dismissed as a matter of law for three independent and dispositive reasons.

2.    First, Casey is a private individual, not a state actor. The Fifth Circuit has consistently held that a private party's invocation of civil judicial processes does

---

[1] [1]Kevan Casey, individually, cannot respond to the complaint because he is dead. His will was admitted to probate under Cause No. 528971 in the Probate Court No. 3 of Harris County, Texas. Defendant files this Motion on behalf of "Defendant, Kevan Casey and Tabitha Marie Casey as the administrator for the Estate of Kevan Casey" because of how Plaintiff styled the complaint. To the extent Tabitha Casey and/or Defendant's counsel respond in the name of Kevan Casey, individually, this is done in Ms. Casey's capacity as fiduciary for the Estate of Kevan Casey.

not constitute state action under color of state law for purposes of §1983, and conclusory allegations of conspiracy with state officials are insufficient to support a §1983 claim. Plaintiff has not alleged any facts necessary to even plausibly establish a valid cause of action under §1983.

3.      Second, even if state action could be established, the complaint still fails rudimentary threshold pleading requirements. Under *Iqbal* and *Twombly*, courts disregard conclusory statements and determine whether any remaining, well-pleaded facts plausibly give rise to relief. That test is fatal here. Every material allegation in the complaint is conclusory and devoid of specific factual support. What remains after stripping — that Casey filed a show-cause application, a contempt hearing occurred, and that court bailiffs applied security measures — describe basic litigation events, not a ruse to deprive plaintiff of constitutional rights.

4.      Third, each federal count fails on its face regardless of the state-action deficiency. The Sixth Amendment does not apply to civil contempt proceedings. The Fifth Amendment's Due Process Clause does not govern state court actors. The Fourth Amendment is likewise moot, and a private party's pursuit of injunctive relief is not First Amendment retaliation. Supervisor liability and qualified immunity under § 1983 are doctrines applicable to state officials—not private citizens. The state-law claims also fail. Court officers, not Casey, were the ones to, *arguendo*, temporarily detain plaintiff, civil contempt is not a criminal prosecution for purposes

2

of a malicious prosecution claim, and litigation conduct does not meet the extreme-and-outrageous requirement for intentional infliction of emotional distress.

5.      Accepting the complaint's outlandish concepts would mean that every litigant in America would face vicarious liability through a state actor theory for the actions of judges, clerks, and bailiffs in carrying out the court's business. This is not—and has never been—the law, and this Court should decline the invitation to make it so.

6.      Ultimately, the complaint (1) rests on conclusory assertions, speculation, and argumentative rhetoric—rather than well-pleaded facts; (2) fails to meet the *Iqbal* and *Twombly* standards; (3) fails to establish state action under §1983 requisite to its claims and to federal jurisdiction; (4) contradicts existing case law dispositive to its claims; and (5) lacks any basis for subject-matter jurisdiction once the federal claims are dismissed.  The complaint is rife with errors, misleads this Court, and ignores facts and law that defeat its relief. The Court should dismiss all federal claims with prejudice and decline supplemental jurisdiction over state-law claims.

## ARGUMENTS AND AUTHORITIES

### I.    Standard of Review and Applicable Case Law.

7.    The Rules require a complaint to allege a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] The Supreme Court has expounded on the pleading requirements for satisfying Rule 8(a), and to survive a Rule 12(b)(6) motion, a complaint must allege non-conclusory facts and contain "enough facts to state a claim to relief that is plausible on its face."[3]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged".[4]

8.    While a court accepts well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."[5] Under *Iqbal*'s two-prong test, the Court first strips allegations in a complaint that are "conclusory" — bare legal conclusions not entitled to the assumption of truth — and

---

[2] *See* Fed. R. Civ. P. 8.
[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 321 (5th Cir. 2016).
[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).; *see also U.S. ex rel. Bias*, 816 F.3d at 321 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Pendleton v. Prairie View A & M Univ.*, 121 F. Supp. 3d 758, 760 (S.D. Tex. 2015) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal quotation omitted).
[5] *See Machete Prods., L.L.C.*, 809 F.3d at 287 (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 678); *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (stating that **the court will not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions**") (emphasis added).

013145.000005
173 - 7282308.1

then tests whether the remaining non-conclusory allegations plausibly give rise to relief. *Iqbal* at 679–81.

9.    Stated otherwise, plaintiffs must plead "specific facts, not mere conclusory allegations."[6]

10.    When reviewing a motion to dismiss, the court relies solely on the complaint, its proper attachments, and documents incorporated by reference.[7] Dismissal is "appropriate when the plaintiff has not alleged enough facts … and failed to raise the right to relief above the speculative level."[8] The court should "exercise its power to dismiss a complaint if it lacks an allegation regarding an element required to obtain relief."[9]

11.    Across all counts, Plaintiff substitutes invective and conclusions for facts: that affidavits were "false," that Defendant "arranged" arrests, and that there was a "corrupt meeting of the minds"—but without any factual particulars necessary to comply with *Twombly* and *Iqbal*. The complaint simply spans numerous counts premised on the same unparticularized assertions of falsity and orchestration. It

---

[6] *See* Keane v. Fox Television Stations, Inc., 297 F. Supp. 2d 921, 925 (S.D. Tex. 2004), aff'd, 129 F. App'x 874 (5th Cir. 2005) (quoting Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992)); Tempur-Pedic Int'l Inc., 902 F. Supp. 2d at 963-64 ("The complaint need not contain 'detailed factual allegations,' but it must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'") (quoting Iqbal, 556 U.S. at 678)

[7] *See Dorsey*, 540 F.3d at 338. This is pertinent in part because the complaint vaguely references (1) unrelated deaths, (2) an SEC investigation, and (3) other case litigation history, all in an effort to infer negative inferences.

[8] *See Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 290 (5th Cir. 2016) (internal quotations omitted) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)); *Pendleton*, 121 F. Supp. at 759-60 ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation omitted) (quoting *Iqbal*, 556 U.S. at 678).

[9] *See Keane*, 297 F. Supp. 2d at 925.

5

identifies no well-plead facts, no specific communications, agreements, participants, or documentary support. The complaint categorically fails to satisfy Rule 8, *Iqbal*, *Twombly*, and all progeny and its claims should be dismissed accordingly.

12.    In *Flagg Bros. Inc. v. Brooks*, the Supreme Court held that a private party's mere invocation of state law or use of state legal procedures does not transform it into a state actor.[10] §1983 was not intended to create a system of constitutional tort law applicable to all private conduct that touches state authority. The Supreme Court established the foundational principle that state action under §1983 requires something more than a private party using a state-authorized process, as the state must be responsible in some meaningful way for the private party's conduct and not merely an enabler.

13.    In *Ballard v. Wall*, that plaintiff asserted allegations similar to those in espoused in this complaint, i.e., that Wall had conspired with law enforcement to have him investigated and arrested.[11] The complaint in *Ballard* alleged that Wall made false reports to police and coordinated with officers, but did not identify specific communications or agreements, and the Fifth Circuit held that a private party's invocation of state legal procedures does not constitute joint action under §1983, and conclusory allegations of conspiracy with state officials are insufficient

---

[10] *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978).
[11] *See Ballard v. Wall*, 413 F.3d 510 (5th Cir. 2005).

6

to convert private conduct into state action. The court required something more than calling the police or filing complaints with law enforcement to transform private conduct into state action. The private party must have "reached an understanding" with state officials to deprive constitutional rights — and that understanding must be pleaded with specific facts.

14.     In *Priester v. Lowndes Cty,* the Fifth Circuit held that, to establish §1983 conspiracy liability, a plaintiff must allege specific facts showing: (1) an agreement between private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights. Conclusory allegations of conspiracy are insufficient; the plaintiff must allege specific facts showing an agreement between the private party and a state actor.[12] The court required concrete, specific factual allegations — not just labels like "conspired" to bridge the gap between a private party's conduct and state action.

## II.     Rule 12(b)(1): Lack of Subject-Matter Jurisdiction.

15.     Plaintiff tries to invoke federal jurisdiction solely through 42 U.S.C. § 1983 claims. If those claims are dismissed, then no independent federal jurisdiction exists, and the Court should decline supplemental jurisdiction over any surviving state-law claims.

## III.     The Complaint Fails the *Iqbal* and *Twombly* Standards.

---

[12] *See Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004).

013145.000005
173 - 7282308.1

16.    *Iqbal* sets forth a critical two-step process. First, the court must strip and disregard all conclusory allegations— legal conclusions dressed as facts — which are not entitled to the assumption of truth, from the complaint. Second, the court takes the remaining, non-conclusory, well-pleaded facts as true and asks whether those facts plausibly give rise to an entitlement to relief. *Iqbal* at 679. Applied here, the first step eliminates nearly every allegation in the complaint bearing on state action, conspiracy, falsity, and intent. The second step reveals that what remains does not plausibly support any legally cognizable claim against Casey.

A. Step One: The Complaint's Core Allegations Are Conclusory Statements Couched as Facts Which Must Be Disregarded.

17.    The complaints' essential allegations — state action, conspiracy, falsity, and intent — are each pleaded as bare legal conclusions with no supporting factual content.

18.    State action: Every federal count opens with "Defendant acted under color of state law" — the operative legal element of § 1983 but is stated without a single fact explaining how a private civil litigant such as Casey crossed into state action. This is a "formulaic recitation of the elements" the Court must disregard. *Iqbal* at 678.

19.    Conspiracy: Bare allegations that Casey "arranged for," "instructed," "conspired with," and "corrupted the independent judgment of" the bailiffs state a

8

legal conclusion of conspiracy in factual clothing. The complaint, however, fails to identify any communication or agreement, nor any date, medium, terms, or content of any purported directive or agreement. The complaint fails to name any bailiff or other state official who supposedly received any such instruction or participated in any agreement, nor is the name of any purported state official or court officer identified. Instead, the complaint regurgitates that Casey and some unknown official reached a "corrupt meeting of the minds". This is the conspiracy itself, and not a fact from which conspiracy can be inferred. *Id.* at 680–81 ("…plaintiffs' assertion of an unlawful agreement was a 'legal conclusion' and, as such, was not entitled to the assumption of truth.").

20.   Falsity and intent: Characterizations of the affidavit as "false," "perjurious," and "knowingly false" are legal labels unsupported by any factual predicate in the complaint. The complaint does not identify which specific statement in any affidavit was false when made, what the true facts were, or how Casey knew the statements were false when the application was filed. Whether a court's ruling was later reversed does not plausibly allege that the affidavit was false when it was filed. Similarly, statements such as "Casey acted with malice," "Casey desired that Plaintiff be harmed," and "Casey was fully aware of its falsity" are again bare assertions of mental state entitled to no weight. *Id.* at 678.

9

B.  Step Two: The Remaining Facts Do Not Plausibly State a Colorable Federal Claim.

21.    After stripping conclusory allegations from the complaint, the surviving non-conclusory (alleged) facts are as follows: Casey filed a show-cause application with supporting documents and a contempt hearing was held on February 27, 2024; upon arrival, Nichols and/or Mireskandari[13] may have been temporarily detained by court security officers, separated from counsel, and/or positioned near armed deputies; during a recess, Nichols and/or Mireskandari may have been patted down and escorted on a restroom visit; and there were times when Nichols' and/or Mireskandari's access to counsel during this civil court proceeding was restricted.

22.    These facts, even if true, do not plausibly support § 1983 liability against Casey. Every surviving fact has an obvious and innocent explanation that is far more plausible than the conspiratorial ruse alleged in the complaint. Courts routinely apply heightened security during contempt hearings that may result in immediate and temporary detention such as the detention described in the complaint. *Twombly* requires dismissal where "an explanation" that is more likely than the illegal inference exists. *Twombly* at 567–68. The complaint does not allege facts that distinguish these security measures from standard courtroom practice. The

---

[13] Plaintiffs Nichols and Mireskandari filed substantively identical complaints in Case Nos. 26-01562 and 26-01105. This Motion is filed in both cases.

10

complaint simply assumes, without any factual support, that Casey somehow, arguendo, caused unidentified state officials to vacate their independent judgment during a civil contempt proceeding to deprive plaintiff of constitutional rights.

23.     Two additional deficiencies confirm implausibility. First, the complaint does not name a single state actor or state official who purportedly received a directive from Casey or agreed to act on his behalf. Without identifying any state actor on the other side of the alleged conspiracy, there is no plausible conspiracy. Second, the complaint merely draws the purported existence of some pre-arranged agreement entirely from the timing of security measures. *Iqbal* squarely holds that where allegations are "merely consistent with" wrongdoing, it stops short of the line between possibility and plausibility. *Iqbal* at 678. Deputies moving quickly at a contempt hearing is consistent with the exercise of their own professional judgment and does not plausibly establish that a private litigant orchestrated their conduct.

IV.     **Rule 12(b)(6): Failure to State a § 1983 Claim; No State Action; Federal and State Claims Fail as a Matter of Law.**

A. Casey is not a State Actor; Private Conduct is Not State Action; No Plausible Agreement or Joint Participation.

24.     Plaintiff's federal claims under 42 U.S.C. § 1983 form the backbone of the complaint, but each claim fails for several independent and dispositive reasons.

25.     Plaintiff sues private individuals, Kevan Casey (deceased) and his widow, Mrs. Tabitha Casey, in her representative capacity as the administrator of

11

013145.000005
173 - 7282308.1

the Estate of Kevan Casey.[14]  Mr. and Mrs. Casey are not government officials and have no authority, supervisory or otherwise, over any Dallas County court bailiffs, clerks, or judges. The crux of the complaint is Casey's alleged misuse of civil court processes. The complaint relies on vague and unsubstantiated legal conclusions couched as facts: that Defendants "acted under color of state law" by filing show-cause applications in court, purportedly coordinated with court personnel through a "corrupt meeting of the minds", and somehow "exploit[ed] state processes", but without any factual particulars necessary to comply with *Iqbal*, *Twombly*, and its progeny.

26.    §1983 provides a cause of action against persons acting "under color of" state law. The mere use of the court system or invocation of legal processes does not, however, transform a private litigant into a state actor, and the Fifth Circuit has consistently held that a private party's invocation of state legal procedures does not constitute joint action under § 1983.[15] A private individual is not subject to §1983 liability except in limited circumstances, and such narrow instances are not plead and do not apply.[16]

27.    There is no case law to support the notion that Casey is subjected to §1983 liability in light of the allegations espoused in the complaint. Casey is not a

---

[14] Ms. Casey is not the "administrator" of the Estate of Kevan Casey and was sued by Plaintiff in the wrong capacity.
[15] *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164–66 (1978); *See Ballard v. Wall*, 413 F.3d 510, 518–19 (5th Cir. 2005); *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004).
[16] *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

12

state actor and joint action with some unidentified state official has not been properly plead.

28.   The complaint's repeated general assertions, including that Casey "arranged," "instructed," or "pre-arranged" actions by bailiffs are legal conclusions couched as facts which must be stripped and disregarded by this Court. Plaintiff claims that court deputies seized him "immediately upon entry" before the case was called and therefore "were not acting on a judge's command," attributing this to "pre-arranged instructions" by Defendant, but pleads no specific facts, no communication, time, place, nor content of any purported directive or agreement, and no participating officer by name or role beyond generic references to "bailiffs." Plaintiff's threadbare recitals do not plausibly allege that private parties became state actors.

29.   Similarly, the complaint's reliance on the timing of events and conclusory attributions of motive is insufficient under *Iqbal*. To plead a §1983 conspiracy, a plaintiff must allege specific facts showing an agreement between Defendant and state officials. Plaintiff repeatedly asserts a "corrupt meeting of the minds" and "pre-arranged agreement" with court security, but identifies no individuals, no actual communications or agreements, no dates or speakers, no messages, and no policy or directive by any state official adopting Defendant's conclusively plead alleged aims.

013145.000005
173 - 7282308.1

B. Defects in Each Federal Claim.

30.    Count 1 (§ 1983 – General Deprivation of Rights). Count 1 is a catch-all resting on conclusory assertions of "false" affidavits and "private prosecution." To establish § 1983 conspiracy liability, Plaintiffs must plead specific facts showing "an agreement between private and public defendants to commit an illegal act" and "a deprivation of constitutional rights."[17] Yet the complaint alleges, and only in conclusory fashion, that Casey "conspired" with court personnel. It identifies no facts necessary to support a valid claim. Court personnel acting swiftly at a contempt hearing is far more consistent with standard security protocol than some conspiratorial ruse. This is precisely the kind of allegation that *Twombly* and *Iqbal* require the Court to disregard in the absence of any well-pleaded facts.[18] This Count should be dismissed.

31.    Count 2 (Fourth Amendment). Plaintiff alleges an "arrest" and pat-down in a courtroom without probable cause.[19] Plaintiff asserts he was "seized" upon arrival at a February 2024 contempt hearing and positioned near deputies before and during proceedings, including a pat-down and escorted restroom use. He does not plausibly allege that Defendant, as a private party, effectuated a seizure under color of state law, nor that court security's actions were unreasonable within the

---

[17] *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

[18] *See Priester*, 354 F.3d at 420.

[19] Probable cause is not the legal standard requisite for a pat down, and no facts are plead to show any formal arrest occurred.

013145.000005
173 - 7282308.1

courtroom's inherent authority to manage safety and order. The count rests on conclusory labels of "warrantless seizure" purportedly "predicated on" Defendants' filings—which is insufficient. Moreover, plaintiff was not subject to a "search and seizure" within the meaning of the Fourth Amendment. They appeared at a court hearing and were temporarily detained by court security in connection with pending civil contempt proceedings. Court security measures during judicial proceedings do not inherently implicate the Fourth Amendment's warrant requirement. This claim fails as a matter of law, and the Court should dismiss it.

32.   <u>Count 3 (Sixth Amendment – Right to Counsel)</u>. The Sixth Amendment right to counsel applies only to criminal prosecutions and critical stages thereof — not to civil contempt proceedings.[20] Plaintiff premises this count on a Dallas County civil contempt hearing; he identifies no criminal prosecution, no attachment of Sixth Amendment rights, and no facts showing that any private Defendant — rather than court security operating independently — denied him access to counsel. The claim also fails as a matter of law.

33.   <u>Count 4 (Fifth Amendment—Due Process)</u>. Plaintiff's due-process theory again depends on alleged and vague falsity of affidavits and pre-arrangement with court personnel. He asserts he was "detained and threatened with jail" and that proceedings were "launched on perjurious affidavits," but provides only

---

[20] *See Turner v. Rogers*, 564 U.S. 431, 441–42 (2011).

013145.000005
173 - 7282308.1

conclusions, not facts, to show knowing falsity, deprivation without process, or causation by private Defendants acting under color of law. The claim is not plausibly pleaded. Also, the Fifth Amendment's Due Process Clause applies only to federal government actors, not state actors, and Plaintiff's claims arise entirely from state civil court proceedings.

34.     Count 5 (First Amendment – Retaliation/Prior Restraint). Plaintiff alleges Casey obtained an "improper injunction" and used contempt to chill speech about alleged securities misconduct. But the injunction was obtained through regular judicial proceedings and later dissolved on appeal — the proper remedy and which Plaintiff pursued. To state a First Amendment retaliation claim under § 1983, a plaintiff must plead that the defendant took an adverse action under color of state law substantially motivated by protected speech. Plaintiff pleads no non-conclusory facts showing Casey, as a private party, acted under color of law or that any concrete adverse action — as opposed to ordinary litigation consequences — was caused by protected speech.[21]

35.     Count 6 (No Qualified Immunity). This is not a stand-alone cause of action. Plaintiff pleads "No Qualified Immunity" against a private party, asserting Defendant is "not entitled" to it. It should be dismissed as an improper count. While

---

[21] *See Keenan v. Tejeda*, 290 F.3d 252, 258–60 (5th Cir. 2002) (setting out elements of § 1983 First Amendment retaliation).

013145.000005
173 - 7282308.1

Plaintiff asserts a count labeled "No Qualified Immunity" (Count 6), qualified immunity is a defense available to government officials, not to private citizens like Casey.[22] Because Casey is a private individual, the qualified immunity doctrine is irrelevant and Count 6 should be dismissed as asserting a legal non-sequitur.

36.     <u>Count 7 (Supervisor Liability under § 1983)</u>. Supervisor liability under § 1983 requires that the defendant is a supervisor of the state actors who committed the constitutional violations.[23] Casey is a private individual with no authority to hire, fire, discipline, or direct any court bailiff, deputy, clerk, or judge. Plaintiff pleads no facts showing otherwise. The "supervisor liability" theory is inapplicable to a private citizen. This count should be dismissed.

37.     <u>Counts 12 and 13 (§1983 Aiding-and-Abetting and Conspiracy)</u>. Plaintiff repackages his state-action theory as aiding/abetting and conspiracy. He lists "overt acts" such as supplying "false affidavits," arranging "extra armed bailiffs," instructing separation from counsel, and continuing contempt efforts, but identifies no concrete communications, agreements, participants, nor any facts showing an actual agreement with any named state actor. Conclusory "meeting of the minds" allegations do not satisfy *Iqbal*.

---

[22] *See Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).
[23] *See Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987).

17

C.  Plaintiff's State-Law Claims Also Fail on the Pleadings.

38.  Count 8 (False Imprisonment). Plaintiff bases detention on alleged false affidavits and coordination with bailiffs. He alleges he was "not free to go," placed in a specific courtroom area, and guarded by deputies. He pleads no facts showing Defendant himself unlawfully detained him, that any restraint was without legal authority in a courtroom setting, or that court security did not act independently. The claim is conclusory and implausible.

39.  Count 9 (Intentional Infliction of Emotional Distress). IIED is a gap-filler tort and cannot proceed where other theories govern the conduct. Plaintiff characterizes litigation conduct and courtroom security measures as "extreme and outrageous," citing reputational and occupational impacts, but those allegations duplicate his other claims and rest on conclusory assertions of falsity and orchestration. IIED claims in Texas carry a high bar. The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[24] Pursuing legal remedies—even aggressively—through the court system does not rise to the level of "outrageous" conduct as a matter of law.[25] The Complaint's allegations—that Casey filed affidavits and sought contempt

---

[24] *See Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993).
[25] *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (holding that filing lawsuits, even if frivolous, does not constitute extreme and outrageous conduct).

013145.000005
173 - 7282308.1

proceedings and that court personnel acted in connection with those proceedings—describe the use of legal process, not conduct "beyond all possible bounds of decency." Under Texas law, false imprisonment requires a showing that the defendant "willfully detained [the plaintiff], without the plaintiff's consent, without the authority of law."[26] Here, Plaintiff was detained by court security officers acting in connection with a contempt proceeding before a judge. Casey did not personally restrain, confine, or detain plaintiff. The court officers acted pursuant to their own authority in connection with judicial proceedings. A private party who files a complaint or affidavit that results in an arrest by law enforcement does not commit false imprisonment; it is the officers who exercise the power of detention.[27] Dismissal is warranted.

40.    Count 10 (Assault). The assault claim derives from courtroom security's proximity, pat-down, and escort. Plaintiff attributes fear of injury to armed deputies' presence and a pat-down/escort during recess. The complaint alleges no offensive contact by Defendant, a private party, and no plausible basis for vicarious liability over courtroom deputies. The claim fails. Assault in Texas requires an intentional or knowing act that causes another to reasonably apprehend imminent bodily injury.[28] The complaint does not allege that Casey personally threatened,

---

[26] *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).
[27] *See City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 (Tex. 2006).
[28] *See* Tex. Penal Code § 22.01(a)(2).

013145.000005
173 - 7282308.1

touched, or placed Plaintiffs in apprehension of bodily injury. The alleged physical contact and intimidation were carried out by court security officers acting in their official capacities. Casey cannot be held liable for assault based on the actions of court officers performing their duties, even if Casey initiated the underlying proceedings.[29]

41.     Count 11 (Malicious Prosecution). Malicious prosecution in Texas requires, among other elements, the commencement of a *criminal* prosecution against the plaintiff.[30] The underlying proceedings were civil contempt proceedings — not criminal prosecutions — and this threshold element is unmet as a matter of law. Plaintiff also fails to plead lack of probable cause or malice beyond conclusory labels: Casey's attorneys filed a contempt application based on their view that a brief filed in a separate proceeding violated a civil injunction, which is a facially plausible legal theory regardless of whether it ultimately prevailed.

## V.     Plaintiff's Case Citations Are Irrelevant, Inaccurate, and Misapplied, and Defeat Rather Than Support the Complaint.

42.     Beyond the substantive deficiencies above, Plaintiff's complaint is riddled with inaccurate case citations that further underscore the pleadings' lack of legal foundation. Each of the cases Plaintiff relies upon, when properly read,

---

[29] *See Lehrer v. Zwernemann*, 14 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2000, pet. denied).
[30] *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997).

013145.000005
173 - 7282308.1

contradicts the proposition for which it is cited or is so factually remote from the complaint so as to be meaningless for purposes of this case.

43.    The only Fifth Circuit case Plaintiff cites — *Guerra v. Castillo*, 82 F.4th 278 (5th Cir. 2023) — does not support the proposition for which it is cited. Plaintiff cites *Guerra* to suggest that Casey is "liable under § 1983 for supplying false information to initiate baseless prosecution," but in *Guerra* every defendant was a state actor — the city of Alamo, a police chief, and fellow police officers — and the liability doctrine analyzed was from *Franks v. Delaware*, which is used only in the context of law enforcement officers who supply false information in criminal arrest warrant applications. No court has ever extended the *Franks* doctrine to civil litigants filing show-cause applications. Plaintiff's parenthetical strips *Guerra* of its essential state-actor context and transplants a doctrine that has never reached non-law enforcement actors. This Court should reject the invitation to create new law that even Plaintiff's cited authority does not support.

44.    Plaintiff also cites *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), and *United States v. Price*, 383 U.S. 787 (1966), for the joint-action theory, but those cases confirm that dismissal of the complaint is appropriate. Both cases involved concrete, documented, and specific facts of actual joint participation. For example, in *Price*, a deputy sheriff physically riding with Klan members to murder civil rights workers. Joint action must be plead with specific facts—not conclusory labels.

21

Plaintiff, meanwhile, offers nothing more than bare and conclusory assertions that Casey "arranged," and "instructed," with bailiffs, without identifying any necessary and supporting facts. This is the exact deficiency these cases illustrate, and that *Twombly* and *Iqbal* require the Court to disregard.

45. Plaintiff's reliance on *Kinney v. Barnes*, 669 S.W.2d 363 (Tex. 1984), as authority for the prior restraint argument in Count 5, is wrong. That case does not exist at that citation. There is a *Kinney v. Barnes* case decided in 2014, reported at 456 S.W.3d 449 (Tex. 2014)—thirty years after the date Plaintiff cites, in a different volume and at a different page. Even if the Court were to consider the 2014 decision, that case addresses whether a post-adjudication permanent injunction against defamatory speech constitutes an unconstitutional prior restraint under the Texas Constitution—a state-law defamation issue that has no bearing on a federal § 1983 First Amendment retaliation claim against a private party.

46. The complaint also cites *Borough of Duryea v. Guarnieri*, in support of its First Amendment claim, but this citation is again inappropriate. *Guarnieri* addressed whether a government employer could retaliate against a public employee for filing a union grievance. The Court did not extend First Amendment Petition Clause liability to private parties, and the entire framework of that decision is the public employment context. Significantly, the actual holding of *Guarnieri* is a limitation on First Amendment protection: the Court held that a public employee's

22

petition is protected only if it addresses a matter of public concern. Far from supporting Plaintiff's claim, that case's reasoning underscores that petitioning activity does not enjoy automatic First Amendment protection simply because the petitioner labels the subject matter as involving public concern.

## VI.    Complaint Should be dismissed as a Shotgun Pleading.

47.    The Complaint incorporates by reference every preceding allegation into each successive count—a hallmark of impermissible "shotgun" pleadings.[31] Each count begins with "Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein." This makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id*. at 1325.

## VII.    Claims against the Estate Should be Dismissed.

48.    Mrs. Tabitha Casey is sued solely in her capacity as administrator of the Estate of Kevan Casey. The complaints alleges that Kevan Casey orchestrated the events giving rise to the complaint. To the extent the Court determines that any claim survives against Kevan Casey individually, the estate may stand in his place. However, all of the above arguments apply with equal force to the Estate, and if Casey individually is not liable, the Estate likewise cannot be liable. Moreover, survival of tort claims against an estate is governed by the Texas Survival Statute,

---

[31] *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

23

Tex. Civ. Prac. & Rem. Code § 71.021, which does not preserve exemplary or punitive damage claims against a decedent's estate.[32]

## **Prayer**

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion and dismiss Plaintiff's complaint in its entirety with prejudice. In the alternative, Defendant request that the Court require Plaintiffs to replead their complaint in compliance with applicable law. WHEREFORE, Defendants pray that the Court:

(1) Dismiss the Complaint in its entirety with prejudice;

(2) Award Defendants their costs and attorney's fees to the extent permitted by law; and

(3) Grant such other and further relief as the Court deems just and equitable.

---

[32] *See Austin v. Shampine (In re Estate of Swanson),* 130 S.W.3d 413, 416 (Tex. App.—El Paso 2004, no pet.).

24

Respectfully submitted,

**CRAIN, CATON & JAMES PC**

*/s/ Alexander W. Cohn*
Alexander W. Cohn
State Bar No. 24094100
Federal ID No. 3767094
1401 McKinney, Suite 1700
Houston, Texas 77010
Direct:  713.752.8602
Fax:  713.658.1921
Email:  acohn@craincaton.com
Attorneys for KEVAN CASEY AND
TABITHA MARIE CASEY as
administrator for THE ESTATE
OF KEVAN CASEY

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant's Motion to Dismiss was filed electronically with the Clerk via the CM/ECF system and served electronically to counsel of record on May 5, 2026.

By: *ental /s/ Alexander W. Cohn*_____
Alexander W. Cohn

25