IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMIR MIRESKANDARI,<br>　Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:26-cv-01562 |
| KEVAN CASEY and TABITHA | § | |
| MARIE | § | |
| CASEY, as Administrator for the | § | |
| Estate of Kevan Casey, | § | JURY TRIAL DEMANDED |
| 　Defendant. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant files this Reply in support of its Motion to Dismiss (Dkt. No. 8) and in response to new arguments made in Plaintiff's Objection and Response to Defendant's Motion to Dismiss and Motion to Strike (Dkt. No. 9 and the "Reply", "Motion", "Response", and "Motion to Dismiss" respectively) and respectfully shows unto the Court the following.

**INTRODUCTION**

1.     The Response confirms that the Motion should be granted and Plaintiff's claims dismissed with prejudice. Rather than identify any well-pleaded facts that could make any of the claims factually and/or legally plausible, Plaintiff (1) measures his Complaint against a pleading standard the Supreme Court discarded two decades ago; (2) concedes he cannot identify any agreements, communications,

013145.000005
173 - 9000827.1

or conversations between Casey and any state actor requisite to his claims (and instead asks the Court to let discovery supply what the Complaint omits—precisely what *Iqbal* forbids); and (3) is silent on the Motion's independent challenges to each individual constitutional count and state-law claim. Finally, Plaintiff embeds a "Motion to Strike" that is laden with misrepresentations, which should be denied in its entirety.

<u>**ARGUMENTS AND AUTHORITIES**</u>

**I.    Plaintiff Measures His Complaint Against an Abrogated Pleading Standard.**

2.      The Response rests on *Conley v. Gibson* and *Swierkiewicz v. Sorema N.A.*, and on *Conley*'s rule that a complaint survives unless "no set of facts" could support relief. (Resp. at 3–4.) That standard no longer exists. In *Twombly*, the Supreme Court expressly retired *Conley*'s "no set of facts" formulation, holding that it "has earned its retirement" and "is best forgotten." *See Twombly* at 562–63. *Iqbal* confirmed that *Twombly*'s standard governs "all civil actions." *See Iqbal* at 684. *Swierkiewicz*—which rested on language *Twombly* discarded—is not the standard. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on Conley.").

013145.000005
173 - 9000827.1

3.      The Fifth Circuit applies the two-step *Iqbal* framework (and the Complaint fails to satisfy it): courts disregard conclusory allegations and ask whether any remaining well-pleaded facts state a plausible claim. Plaintiff's observation that Rule 12(b)(6) motions are "disfavored" does not change the standard and does not provide an avenue to somehow give weight to conclusory allegations, to survive *Iqbal*, which requires the opposite.

## II.      The Response Concedes There are No Non-Conclusory Facts Regarding State Action.

4.      The Response candidly admits the Complaint's central deficiencies, including that there are no well-plead, non-conclusory allegations regarding a purported conspiracy or agreement with state actors. Plaintiff states "it's not clear exactly what words Casey uttered," that he "is not able to quote anyone at this point," and then asks the Court to infer an agreement. (Resp. at 3, 10.). Such "conspiracy" and "joint action" allegations rest entirely on speculation—not well-plead facts— and case law is clear that conclusory assertions of an "agreement," or a "pre-arranged" plan are precisely the type of allegations the Court must set aside. *See Twombly*, 550 U.S. at 555, 557; *see also Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (a § 1983 conspiracy claim against a private party requires specific facts showing an agreement, not conclusory allegations).

013145.000005
173 - 9000827.1

5.     Plaintiff's assertion that "discovery will reveal much more than what is pled" (Resp. at 3)—is incongruent with applicable law and foreclosed. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. A plaintiff must plead a plausible claim before discovery, not in the hope of finding one during it.

6.     The well-pleaded facts that remain confirm the "obvious alternative explanation" that defeats Plaintiff's inference. *See Twombly* at 567; *Iqbal*, at 682. Plaintiff appeared at a noticed contempt hearing on a pending show-cause application; court security detained him in the courtroom in connection with that proceeding; and a district judge presided. That sequence is fully consistent with ordinary courtroom security at a contempt hearing—a far more plausible explanation than some secret conspiracy reaching from a private litigant through the bailiffs, clerks, and bench of the Dallas County court system.

7.     Plaintiff's "motive, means, and opportunity" framing (Resp. at 6–7) does not fill the gap; whether Casey was an adverse litigant with reasons to dislike Plaintiff shows, at most, conduct "merely consistent with" wrongdoing, which does not make state action plausible. *See Iqbal*, 556 U.S. at 678.

## III.    Plaintiff's Own Authorities Defeat His State Actor Theory.

8.     Plaintiff leans on *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068 (5th Cir. 1985), for the notion that a private party may be liable when a state actor

013145.000005
173 - 9000827.1

acted "in accordance with a preconceived plan" "merely because [the action] was designated … by the private party" and "without independent investigation." (Resp. at 4–5.) Plaintiff's allegations as plead, however, negate the second element, because there was an independent judicial process: a show-cause application was filed and set for hearing, a district judge presided, the matter was appealed, and Mireskandari was acquitted of contempt, and the proceeding as to Nichols was stayed. (Resp. at 7–10.) An independent judge conducting a contested hearing and reaching a split result is the opposite of officials rubber-stamping a private party's designation "without independent investigation." *Sims* itself confirms that "[i]n absence of … sufficient state connexity, the non-state defendant's private conduct is not actionable under section 1983." *Id.* at 1078.

9.      *Furnishing information.* Plaintiff's theory reduces to the contention that Casey supplied false information that prompted official action. But the mere furnishing of information to law enforcement—even assuming, *arguendo*, it was false—does not constitute joint action under color of state law sufficient to make a private party a § 1983 defendant. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988). A report does not convert the reporter into a state actor absent a plausibly pleaded agreement with the officials who act—a critical element the Complaint lacks. The correct legal avenue, *if any*, would be, first and foremost, to seek appellate relief (which Plaintiff did), and/or then file motions for sanctions or seeking other

013145.000005
173 - 9000827.1

relief in that pending case regarding those issues—not filing a 1983 lawsuit in federal court against the private litigant.

10.    *Abdication. Hernandez v. Schwegmann Bros.*, 673 F.2d 771 (5th Cir. 1982), recognizes state action where police "abdicate" their authority to a private party. There was no abdication here: a court set and conducted a contempt proceeding, and a judge—not Casey—controlled it and decided the contempt allegations.

11.    *Public function. Bass v. Parkwood Hospital*, 180 F.3d 234 (5th Cir. 1999), requires that the private party perform a function "traditionally the exclusive prerogative of the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974); *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982). Moving for contempt, filing an application, and submitting an affidavit are functions that private litigants may (and routinely) perform; they are not the exclusive prerogative of the State. Casey did not "prosecute" anyone—he was a private movant, and the court controlled the proceeding. The public-function test fails as a matter of law.

12.    *Boquet.* Plaintiff's "extra pair of hands" phrase from *Boquet v. Belanger*, 2015 U.S. Dist. LEXIS 48822 (E.D. La. 2015), does not help, as the metaphor still requires a plausibly pleaded agreement or concerted action between the private party and the state actor—the missing element.

6

**IV.    The Response is Silent on each Constitutional Count and State-Law Claims.**

13.    The Motion explained how (1) each individual constitutional count fails on its own terms—the Fourth Amendment claim (judicial-setting detention, *Conn v. Gabbert*, 526 U.S. 286 (1999)); the Fifth Amendment claim (federal-actor requirement); the Sixth Amendment claim (criminal-prosecution requirement, *Turner v. Rogers*, 564 U.S. 431 (2011)); and the First Amendment claim; and (2) that each state-law claim (e.g., false imprisonment, intentional infliction of emotional distress, assault, and malicious prosecution), and the supervisor-liability theory, the shotgun-pleading defect, and the estate's non-liability for punitive damages each also fail as a matter of law. Plaintiff's Response is either categorically and/or substantively silent on each issue. Under Local Rule 7.4 and this Court's procedures, failure to respond "will be taken as a representation of no opposition." Plaintiff has conceded these independent grounds, each of which supports dismissal of the corresponding claim regardless of the state-action issue.

**V.    Plaintiff's "Motion to Strike" is Rife with Misrepresentations and Must Be Denied.**

14.    Plaintiff embeds a Motion to Strike at the end of the Response, but it is legally and factually unfounded and materially misstates the parties' pre-filing communications. Defendant is thus forced to provide the following information to correct the record.

7

15.     First, as a threshold matter, Rule 12(b) motions are exempt from Local Rule 7.1's conference-and-agreement averment. *See* L.R. 7.1.[1] Judge Hanen does have a pre-filing certification procedure for Rule 12(b)(6) motions, and Defendant complied with it. Before filing a motion to dismiss, a movant in Judge Hanen's court must notify opposing counsel of the issues in its forthcoming motion to dismiss and certify that the parties tried to but could not agree that the pleading deficiencies could be cured by a permissible amendment. The pre-filing certificate requirement was satisfied. The Motion contains that certification, and it is accurate.

16.     Plaintiff's Motion to Strike is squarely contradicted by the contemporaneous record. Plaintiff represents to this Court that, in conferring, the undersigned counsel "stated he was unsure" of the problems with the Complaint (Resp. at 11). That representation is false. Before filing the Motion, the undersigned counsel emailed Plaintiff's counsel a written notice quoting Judge Hanen's Rule 12(b)(6) pre-filing certification language and setting out the specific deficient pleading issues, including the Complaint's: (1) failure to plead state action or any factual basis for § 1983 liability against private individuals; (2) failure to satisfy *Iqbal* and *Twombly*, as the Complaint's central allegations — conspiracy, arrangement of, and instruction to court personnel — are conclusory and

---

[1] ("Except for motions under [Rules] 12(b), (c), (e), or (f) and 56, motions must contain an averment that the movant has conferred ….").

8

unsupported by specific facts; (3) failure of each individual federal count on the merits (Sixth Amendment inapplicable to civil contempt; Fifth Amendment inapplicable to private parties; no cognizable Fourth or First Amendment claim; supervisor liability and qualified immunity inapplicable to private citizens); and (4) failure of each state-law claim as a matter of law. *See* Ex. A.

17.    After sending the email, the undersigned counsel called opposing counsel three times, at the number listed on the State Bar of Texas and his signature line (which was inactive), and at a second number based on Google search results. The undersigned counsel left a message, and opposing counsel returned the call a few hours later.

18.    On the call, Plaintiff's counsel advised that he had not read the undersigned counsel's email. At no point did the undersigned counsel ever say or insinuate that he was "unsure" of the issues. Instead, the undersigned counsel (1) directed Plaintiff's counsel to review the email, (2) directed Plaintiff's counsel to review the Motion that would be filed in both cases[2], and (3) reviewed the email and issues noted therein and briefly expanded on same. The call lasted approximately ten minutes. Plaintiff's counsel requested twenty (20) days to review the issues and re-plead the Complaint. Given how the phone call transpired, and the nature and

---

[2] Plaintiff filed two identical complaints in Judge Hanen and Judge Hittner's courts, and Judge Hittner's court does not have a requirement to confer on 12(b)(6) Motions to Dismiss before filing.

9

extent of the deficiencies in the Complaint, the undersigned does not believe the deficiencies can be cured by a permissible amendment. The undersigned counsel nonetheless advised opposing counsel that Defendant would not oppose his 20-day request to amend.

19.     After the call, the undersigned counsel drafted the Pre-Filing Certificate and filed the Motion. The parties cannot agree that the deficiencies in the Complaint can be cured, and Plaintiff's subsequent conduct confirms that point. Plaintiff has had more than his (20) twenty requested days, and while Rule 15(a)(1)(B) permitted him to amend once as a matter of course, Plaintiff has chosen not to amend, instead filing his Response to stand on the Complaint. Plaintiff's suggestion that he stood ready to "avoid this motion entirely" by repleading (Resp. at 11–12) is belied by his decision not to replead.[3]  Ultimately, the phone call confirmed to the undersigned counsel that (1) the Complaint was filed for improper purposes and vexatious litigation tactics, and (2) the pleading deficiencies could not be cured by a permissible amendment.

20.     Striking is a drastic remedy and is not warranted where the certification requirement was met. Even an imperfect certificate would call for deciding the

---

[3] Additionally, the "two full business days" limitation Plaintiff attempts to invoke is moot and governs only "an unsuccessful attempt to reach opposing counsel." Counsel here actually conferred, by email and telephone.

10

Motion on its merits rather than striking a meritorious, dispositive motion. The Motion to Strike should be denied.

## VI.    Leave to Amend Should Be Denied and Dismissal Should Be Ordered With Prejudice.

21.    Plaintiff has had more than enough time and opportunity to amend the Complaint. The Rules provided him with the opportunity to amend as a matter of course within 21 days after the Motion was served. *See* Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's counsel also requested, and Defendant initially agreed, to have (20) twenty days to amend the Complaint, from May 5, 2026. Plaintiff has chosen not to do so. Rather than amend, Plaintiff is standing on the Complaint.

22.    The "specifics" noted and re-alleged in the Response are still conclusory allegations that fail to comply with *Iqbal, Twombly*, and contrast with the bevy of well-settled case law as cited in the Motion. The numerous defects identified in Motion and this Reply are not curable by additional pleading, including but not limited the legal threshold issues concerning each of Plaintiff's constitutional and state-law counts, and the fact that a private litigant who files an application and invokes a court's contempt process is not a state actor, and especially so in conjunction with applicable, controlling case law. No repleading converts that conduct into action under color of state law. Amendment would be futile, and dismissal should be ordered with prejudice.

11

013145.000005
173 - 9000827.1

## CONCLUSION

Defendant respectfully requests that the Court grant the Motion to Dismiss, dismiss Plaintiff's claims with prejudice, deny Plaintiff's Motion to Strike, and award all other relief to which Defendant is entitled.

Respectfully submitted,

**CRAIN, CATON & JAMES PC**

*/s/ Alexander W. Cohn*
Alexander W. Cohn
State Bar No. 24094100
Federal ID No. 3767094
1401 McKinney, Suite 1700
Houston, Texas 77010
Direct: 713.752.8602
Fax: 713.658.1921
Email: acohn@craincaton.com
Attorneys for KEVAN CASEY AND
TABITHA MARIE CASEY as
administrator for THE ESTATE
OF KEVAN CASEY

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant's Reply in Support of Motion to Dismiss was filed electronically with the Clerk via the CM/ECF system and served electronically to counsel of record on June 4, 2026.

By: */s/ Alexander W. Cohn*
Alexander W. Cohn

12

013145.000005
173 - 9000827.1