**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AMIR MIRESKANDARI,<br>*Plaintiff* | §<br>§<br>§<br>§<br>§ | Case No. 4:26-cv-01562 |
| KEVAN CASEY and<br>TABITHA MARIE CASEY as<br>administrator for The ESTATE<br>OF KEVAN CASEY<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§ | JURY TRIAL REQUESTED |

**PLAINTIFF AMIR MIRESKANDARI'S RESPONSE IN OPPOSITION TO DEFENDANT's MOTION TO CONSOLIDATE**

**TO THE HONORABLE GEORGE C. HANKS, JR.:**

Plaintiff Amir Mireskandari files this Response in Opposition to Defendants' Motion to Consolidate [ECF No. 15] and respectfully show the Court as follows.

**PRELIMINARY STATEMENT**

1. This is Amir Mireskandari's case. He is the man who was arrested. On February 27, 2024, he walked into a Dallas County courtroom to defend himself against a contempt allegation, was seized by court security before his case was called, was held between two armed deputies through the proceeding, was denied private consultation with his own counsel, and was then acquitted of contempt entirely. Compl. ¶¶ 15, 26, 31 (ECF No. 1). He now seeks damages for what was done to him. Defendants ask this Court to fold that case into someone else's.

2. Mireskandari did not ask for consolidation. He did not file the motion that brought these matters before this Court, and this case was not transferred on that motion. It came here on Judge Hittner's own order, entered "for the sake of judicial efficiency." Order, ECF No. 14 (entered

July 28, 2026). That order transferred; it did not merge. Mireskandari is content with common assignment and asks only that his case remain his case.

3. Consolidation would add no efficiency that common assignment has not already produced. One judge now presides over this action, over *Nichols v. Casey*, No. 4:26-cv-01105, and over *SEC v. Casey*, No. 4:24-cv-02971. No second judge will reconstruct the history or rule inconsistently on the same facts. This Court can coordinate discovery and sequence these matters however it finds efficient without merging them. Plaintiffs' position has been consistent since they filed.

4. The Motion should be denied. If the Court believes any coordination beyond common assignment is warranted, Rule 42(a)(3) permits it without the consequences of merger.

## I. BACKGROUND

5. Mireskandari filed this action on February 25, 2026. He pleads thirteen counts under 42 U.S.C. § 1983 and Texas law arising from his seizure, detention, and prosecution at the February 27, 2024 contempt hearing in *Casey v. Mireskandari* (the "Dallas Case"), in which he was the respondent. Compl. ¶¶ 14–15, 38–114.

6. On July 28, 2026, Judge Hittner transferred this case to this Court on his own motion, observing that an "almost identical case" was "currently pending before Judge Hanks" and that the two matters had "nearly identical pending motions." Order, ECF No. 14. The order directed a transfer and nothing further. It contains no finding of common questions under Rule 42(a), no reference to consolidation, and no suggestion that the two actions should be merged rather than coordinated.

7. Plaintiff does not dispute that the two complaints describe the same February 27, 2024 hearing and plead parallel counts. Shared narrative, however, is not the same as a shared

case. Each Plaintiff was injured in his own capacity, by reference to his own protected activity, arising out of his own relationship to a different state-court proceeding, and each seeks damages personal to himself.

8. His retaliation theory is particular to him and runs through his family. In February 2022, his lawyer Jack Nichols represented Mireskandari's *brother*, Alidad Mireskandari, in *Mireskandari v. Jinsun, LLC*, Cause No. 1181704 (Harris County). *Id.* ¶ 12. After Nichols e-filed Alidad's appellee brief on July 24, 2023, Casey "retaliated against Plaintiff *for his lawyer filing a brief in another case*" by causing a show-cause application to be filed against Mireskandari in Dallas. *Id.* ¶¶ 13–14. His First Amendment count rests on his right "to speak with lawyers and confer with counsel" — speech he pleads is "multidimensionally sacrosanct" because it was made to an attorney. *Id.* ¶¶ 66–67.

9. The parties conducted *separate* Rule 26(f) conferences in each action and submitted separate case-management proposals, as Rule 26(f) requires of the parties in each "action." Fed. R. Civ. P. 26(f)(1).

## II. LEGAL STANDARD

10. Rule 42(a) permits — but never requires — consolidation: "[i]f actions before the court involve a common question of law or fact, the court *may*" join them for hearing or trial, consolidate them, or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a) (emphasis added).

11. Consolidation is proper only "when two or more district court cases involve common questions of law and fact *and* the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989).

## III. ARGUMENT AND AUTHORITIES

12. The case for consolidation in these actions was always a case about judicial economy: that it would be wasteful for separate judges to "construct the same overlapping timelines with the same parties," and that a single judge "would prevent the same evidence and witnesses from being reviewed more than once" and "reduce the chance that two (or three) judges would make different decisions about the same facts." ECF No. 9 ¶¶ 3, 8.

13. One judge now presides. No second or third judge will construct the timeline, review the evidence, or rule on the same facts. The risk of inconsistent rulings is foreclosed by common assignment alone.

14. Consolidated actions keep their own pleadings, their own parties, their own judgments, and their own appeals. Each Plaintiff would still have to prove his own claims; Defendants would still answer each set separately; and two judgments would still issue.

15. Nichols and Mireskandari are two men with two different injuries, and consolidation would require a single jury to hold both accounts in mind at once while keeping straight which evidence belongs to which claim. That is the precise risk Rule 42(a) is meant to weigh, and it runs against Plaintiffs.

16. Nichols's First Amendment claim sounds in the Petition Clause and depends on the character of a brief he filed as counsel. Mireskandari's rests on his private communications with his own lawyer. A consolidated charge would require the Court to instruct on two distinct First Amendment frameworks in one sitting, and would invite a jury to resolve both under whichever standard it found easier to apply.

17. Damages to each Plaintiff are individual and would be blurred. Nichols pleads the injury of a lawyer and officer of the court "shamefully paraded around in civil court like a criminal" before colleagues and court staff, and impairment of a reputation built over a career. Nichols

Compl. ¶¶ 86–87. Mireskandari pleads loss of liberty and distress that impaired his work and his family life. Mireskandari Compl. ¶¶ 49, 93. A single jury asked to value both at once is invited to average rather than to assess, and a compromise verdict would understate the claim of whichever Plaintiff the jury finds less sympathetic.

18. consolidation would hand Defendants a single defense to two Plaintiffs. Each Plaintiff is entitled to have his own proof measured on its own terms. Merging the actions would dilute that entitlement by allowing any weakness the jury perceives in one Plaintiff's case to color its view of the other's.

19. In *Mireskandari*, the deadlines to join parties, amend pleadings, and designate both sides' experts have expired and discovery closes November 30, 2026; in *Nichols*, plaintiff's experts are not due until December 15, 2026 and discovery does not close until February 15, 2027.

## IV. CONCLUSION AND PRAYER

These cases are already where they should be: before one judge, who can coordinate them as efficiently as the record requires. Consolidation would add no economy to that arrangement. It would add a single jury weighing two men's separate injuries at once, two First Amendment theories charged in one instruction, defenses aimed at one Plaintiff heard by the jury deciding the other's claim, and a securities enforcement action grafted onto two civil-rights trials.

Plaintiff Amir Mireskandari respectfully request that the Court DENY Defendants' Motion to Consolidate, order such coordination of discovery as it finds appropriate under Rule 42(a)(3), and grant Plaintiffs such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully Submitted,

LLOYD E. KELLEY

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
Telecopier: 281-652-5973
***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of September, 2026 a true and correct copy of this RESPONSE IN OPPOSITION TO DEFENDANT's MOTION TO CONSOLIDATE Pursuant to Local Rule 5.2 was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Lloyd E. Kelley*
Lloyd E. Kelley